UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LISA SHIVERS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:09CV630 SNLJ |
| | ) |
| CITY OF UNIVERSITY CITY, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM

This matter is before the Court on defendants' motions to dismiss (#16/#22/#35) filed July 1, 2009, July 31, 2009, and October 30, 2009, respectively. After an initial motion to dismiss (#16), plaintiff filed an amended complaint (#20) on July 7, 2009, prompting the second motion to dismiss (#22) on July 31, 2009. Responsive pleadings were filed, and plaintiff filed a second amended complaint on October 14, 2009. Defendants filed the third and final motion to dismiss (#35) on October 30, 2009, but adopted and incorporated by reference their arguments and authorities of the prior motions to the extent that they were not addressed in the final motion. Defendants seek dismissal on multiple counts for failure to state a claim upon which relief can be granted, or in the alternative, motion to strike or for more definite statement.

I. Statement of the Case

Plaintiff is an African-American female living in St. Louis, and was employed by the University City Police Department as a clerk and typist. Defendant Joseph Adams is the mayor of the City of University City. Defendant Charles Adams is the Police Chief of the University City Police Department. Defendant Ernest Green is the Assistant Police Chief of the University City Police Department. Defendant Yolanda Williams is the Human Resources Director of the

City of University City. University City Police Department is also a named defendant. The City of University City was named as a defendant previously in this suit, but was removed when plaintiff filed her Amended Complaint.

Plaintiff was employed by the University City Police Department on April 17, 2000. She held various clerk positions in the Record Room Department and in 2005 was permanently promoted to the Chief's Office as an Advanced Clerk Typist and Records Clerk. Plaintiff alleges that during her employment she was subjected to sexual harassment by her supervisor, Ernest Green, when he "made sexual advances" and "lewd sexually charged comments" towards her. She also alleges that she was subjected to sexual harassment in the form of sexually charged e-mails regarding oral sex and other inappropriate and offensive sexual topics that came from an unknown source from within the department. Plaintiff lodged complaints with management personnel in early 2008, and an investigation ensued.

Plaintiff was terminated on April 29, 2008, during a reduction in workforce, but she alleges that she was laid off in retaliation for her complaints, and for the expression of her personal views against extra-marital affairs and women who engage in such acts for professional gain. Plaintiff also alleges that she suffered from racial discrimination by pointing to her replacement by a white female a few months after her termination in "late 2008." Finally, plaintiff alleges that the Human Resources Director, defendant Yolanda Williams, enabled Green to avert accountability for other complaints that had been brought against him by other female employees. Plaintiff completed a "Charge of Discrimination" form in an application with the Missouri Commission on Human Rights, checked the boxes for sex and retaliation, and subsequently received a notice of her right to sue. Plaintiff ultimately filed a complaint comprising five counts, alleging various forms of discrimination and retaliation against the

defendants. The fifth count of the Second Amended Complaint is not in dispute in defendants' motion to dismiss.

## II. Legal Standard of Motion to Dismiss

The purpose of a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted is to test the legal sufficiency of a complaint so as to eliminate those actions "which are fatally flawed in their legal premises and designed to fail, thereby sparing litigants the burden of unnecessary pretrial and trial activity." Young v. City of St. Charles, 244 F.3d 623, 627 (8th Cir. 2001) *quoting* Neitzke v. Williams, 490 U.S. 319, 326-27 (1989). A complaint must be dismissed for failure to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1974 (2007) (abrogating the prior "no set of facts" standard set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). Courts "do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." Id.; 127 U.S. at 1974. A complaint must set forth factual allegations that are enough to "raise a right to relief above the speculative level." Id.; 127 U.S. at 1974.

In ruling on a motion to dismiss, a court must view the allegations of the complaint in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232 (1974); Kottschade v. City of Rochester, 319 F.3d 1038, 1040 (8th Cir. 2003). Although a complaint challenged by a Rule 12(b)(6) motion does not need detailed factual allegations, a plaintiff must still provide the grounds for relief, and neither "labels and conclusions" nor "a formulaic recitation of the elements of a cause of action" will suffice. Bell Atlantic Corp. v. Twombly, 127 S.Ct. at 1265 (internal citations omitted). "Although the pleading standard is liberal, the plaintiff must allege facts--not mere conclusions--that, if true, would support the existence of the claimed torts."

3

Moses.com Securities, Inc. v. Comprehensive Software Systems, Inc., 406 F.3d 1052, 1062 (8th Cir. 2005) *citing* Schaller Tel. Co. v. Golden Sky Systems, 298 F.3d 736, 740 (8th Cir. 2002). In viewing the complaint in the light most favorable to the plaintiff, the court should not dismiss it merely because the court doubts that the plaintiff will be able to prove all of the necessary allegations. Bennett v. Berg, 685 F.2d 1053, 1058 (8th Cir. 1982). The primary issue for a court to consider is not whether the plaintiff will ultimately prevail in the lawsuit, but whether the complaint adequately states a claim so that the plaintiff is entitled to present evidence in support of that claim. A complaint may not be dismissed based upon a district court's assessment that the plaintiff will fail to prove one or more claims to the satisfaction of the complaint's allegations or will ultimately fail to prove one or more claims to the satisfaction of the factfinder. Bell Atlantic Corp. v. Twombly, 127 S.Ct. at 1969, n. 8; Neitzke v. Williams, 490 U.S. at 327 ("What Rule 12(b)(6) does not countenance are dismissals based upon a judge's disbelief of a complaint's factual allegations.") With this plausibility standard in mind, the Court turns to an examination of the plaintiff's complaint.

## III. Discussion

### A. Motions on Count I

Count I of Plaintiff's Second Amended Complaint is directed at University City, the University City Police Department, and all other defendants in their individual and official capacities. Plaintiff alleges that these defendants engaged in unlawful employment practices by creating a hostile work environment through sexual harassment, and retaliation, both violations of Title VII of the Civil Rights Act of 1964. 42 U.S.C. § 2000e, *et seq*.

The first deficiency to Count I is that Plaintiff has mistakenly attempted to bring this count against the University City Police Department. The Eighth Circuit has established that

police departments are not suable entities, but rather are merely divisions of municipalities. *See Ketchum v. City of West Memphis*, 974 F.2d 81, 82 (8th Cir. 1992); *see also Mosley v. Reeves*, 99 F.Supp.2d 1048, 1053 (E.D.Mo. 2000); *Russell v. City of Overland Police Dep't*, 838 F.Supp. 1350, 1352 (E.D.Mo. 1993). The Missouri Supreme Court established almost 90 years ago that departments of a municipality cannot be sued unless statutory authorization to sue and be sued has been given to the departments. *See American Fire Alarm Co. v. Board of Police Comm'rs of Kansas City*, 285 Mo. 581, 227 S.W. 114, 116 (Mo. 1920). Accordingly, any liability will be borne by the municipality within which the police department is located, that is to say, University City. Plaintiff removed University City as a defendant when she filed her First Amended Complaint, however, she clearly alleged that University City "engaged in unlawful employment practices" in violation of Title VII, and as such the City will be deemed to be the sole employer-defendant in lieu of University City Police Department in this count and in all other counts in which both entities are named.

In addition to University City, plaintiff asserts her Title VII claims against the individual defendants in their individual capacities, which she is unable to do. Title VII does not permit an action against an individual supervisor, as liability is borne solely by employers. *Van Horn v. Best Buy Stores, L.P.*, 526 F.3d 1144, 1147 (8th Cir. 2008); *see also Spencer v. Ripley County State Bank*, 123 F.3d 690, 691-92 (8th Cir. 1997). That is to say, for an individual to be held liable, she must be an employer. Here, any liability must be borne by University City alone, not by plaintiff's supervisors or co-employees. Plaintiff's Title VII claim fails against all defendants in their individual capacities.

Finally, to the extent that plaintiff is alleging a disparate impact claim, this fails as well because plaintiff has failed to allege any "facially neutral policies" that would satisfy the prima

5

facie case for disparate impact. Such a case must include: (1) an identifiable, facially-neutral personnel policy or practice; (2) a disparate effect on members of a protected class; and (3) a causal connection between the two. *Franklin v. Local 2 of the Sheet Metal Workers Intern. Ass'n*, 565 F.3d 508, 516 (8th Cir. 2009). Here, however, plaintiff has alleged no facially neutral practice by her employer to satisfy the first prong. Although plaintiff contends that plaintiff is a member of a protected class and that they were "impacted" by the conduct of the defendants, that alone is not enough to satisfy the prima facie burden for a disparate impact case.

### B. Motions on Count II

Plaintiff brings Count II under 42 U.S.C. § 1981 against all defendants for racial discrimination, "sexual harassment/hostile work environment," and retaliation. Defendants move to dismiss the claims for sexual harassment/hostile work environment and retaliation, because they argue 42 U.S.C. § 1981 limits a plaintiff's claims to racial discrimination. This Court agrees that 42 U.S.C. § 1981 does not apply to sex discrimination claims. *See Hartman v. Smith & Davis Mfg. Co.*, 904 F.Supp. 983 (E.D. Mo. 1995); *see also Olson v. Rembrandt Printing Co.*, 511 F.2d 1228, 1230 (8th Cir. 1975). Furthermore, while retaliation has been recognized as a cognizable claim within § 1981 actions, the retaliation needs to be tied to racial discrimination in some way. Here, the allegations by the plaintiff state that the retaliation was in response to her complaints of sexual harassment, not for any racial discrimination. Therefore, to the extent that plaintiff's § 1981 claim under Count II is for sexual harassment/hostile work environment and retaliation, it is dismissed.

Defendants also move to dismiss the § 1981 claim as to racial discrimination for failure to state a claim. They argue that plaintiff cannot establish the element of intent to discriminate against her on the basis of race. For a prima facie case to be satisfied under § 1981, a plaintiff

must show: (1) she is a member of a protected class; (2) she is qualified for the position; (3) adverse employment action; and (4) some evidence that would allow the inference of improper motivation. *Barge v. Anheuser-Busch, Inc.*, 87 F.3d 256, 258 (8th Cir. 1996). The fact that plaintiff was terminated and then later replaced by a white woman raises at least an "inference of improper motivation," so she has sufficiently established a *prima facie* case of racial discrimination. Therefore, to the extent plaintiff's § 1981 claim under Count II is for racial discrimination, it shall not be dismissed.

Defendants also submitted a motion for a more definite statement as to Count II for referring only to a single "Defendant" throughout the count, even though multiple defendants are named. Plaintiff has not remedied this defect in her Second Amended Complaint and the defendants' motion for more definite statement is therefore granted, and plaintiff should make the allegations in Count II more definite.

It should be further noted that although plaintiff placed 'MHRA' in the heading of Count II along with 42 U.S.C. § 1981, she makes no mention of the Missouri Human Rights Act again until Count IV. Accordingly, the Court will deem plaintiff's MHRA claim to only be stated within Count IV, and not in Count II as well.

**C. Motions on Count III**

In Count III, plaintiff brings an action alleging a violation of her rights under 42 U.S.C. § 1983 and the First Amendment to the U.S. Constitution, arguing that her right to associate was infringed on by the defendants, and further that they violated her right to equal protection under the law. Defendants argue that Count III should be dismissed for failure to state a cognizable constitutional claim, as the alleged unlawful conduct does not fit within the two categories of association entitled to protection under the First Amendment. The United States Supreme Court

has delineated the "freedom of association" in two ways: (1) it protects the choice to enter into and maintain certain intimate human relationships that must be secured against undue intrusion by the State; and (2) it protects the right to associate for the purpose of engaging in those activities protected by the First Amendment, including speech, assembly, petition of the redress of grievances, and the exercise of religion. *Roberts v. U.S. Jaycees*, 468 U.S. 609, 104 S. Ct. 3244, 3249 (1984).

Plaintiff has not made a colorable claim for either one of these two branches of the First Amendment protection of "freedom of association." Nor has she made a showing of a protected right of association anywhere in her complaint similar to the right of political affiliation referred to in the case to which she cites, *Rutan v. Republican Party of Illinois*, 497 U.S. 62 (1990). Furthermore, while plaintiff attempts to create an equal protection claim in her response to defendants' motion to dismiss, a careful reading of her Second Amended Complaint reveals only language supporting a freedom of association claim. Accordingly, defendants' motion to dismiss Count III for failure to state a cognizable constitutional claim is granted.

**D. Motions on Count IV**

Plaintiff brings Count IV against all defendants, alleging sexual harassment in violation of the Missouri Human Rights Act. Defendants argue that the Court should dismiss this Count against all defendants for lack of subject matter jurisdiction, because plaintiff has failed to exhaust her claims by naming each of the parties in her Charge of Discrimination, as should have been done under sec. 213.075.1 RSMo. *Hill v. Ford Motor Co.*, 277 S.W.3d 659, 669 (Mo. banc 2009). Although only University City Police Department is explicitly named in the employer section of the Charge of Discrimination, plaintiff did refer to a "supervisor," "superiors," "the Chief," and "Yolanda Williams, human resources director" in the "particulars" section. At the

time of the filing of the complaint, the unnamed parties could be ascertained through reasonable effort by reviewing the full Charge of Discrimination. For that reason, plaintiff properly exhausted her administrative remedies as to the individual defendants.

In contrast to a Title VII claim, individuals can be held liable in their individual capacities on a claim under the Missouri Human Rights Act. Under the MHRA, the term 'employer' includes "any person directly acting in the interest of an employer." Sec. 213.010.7, RSMo 2000. The "plain and unambiguous language within the definition of "employer" under the MHRA imposes individual liability in the event of discriminatory conduct. *Cooper v. Albacore Holdings, Inc.*, 204 S.W.3d 238, 244 (Mo.App. E.D. 2006); *see also, Giandinoto v. Chemir Analytical Services, Inc.*, 545 F.Supp.2d 952 (E.D.Mo. 2007). To prevail on a hostile work environment sexual harassment claim, plaintiff must prove that: (1) she is a member of a protected group; (2) she was subjected to unwelcome sexual harassment; (3) her gender was a contributing factor in the harassment; and (4) a term, condition or privilege of her employment was affected by the harassment. *Hill v. Ford Motor Co.*, 277 S.W.3d 659, 666 (Mo.banc 2009). Furthermore, "[i]f the alleged harassers are co-workers, the plaintiff must also show that the employer knew or should have known of the harassment and failed to take prompt and effective remedial action." *Id*. at n.6. Finally, as the Missouri Supreme Court explained, "the MHRA is intended to reach not just the corporate or public employer but any person acting directly in the interest of the employer. A supervisory employee clearly falls into that category." *Id.* at 669.

In the case at hand, plaintiff explicitly alleged that defendants University City, Charles Adams, Joseph Adams, and Yolanda Williams knew that "[d]efendant Green was engaging in the sexually harassing conduct but failed to take prompt remedial actions to remedy the situation." Plaintiff also alleged that each of those defendants "knew or should have known of the conduct

9

described." In accordance with the MHRA and the relevant case law, each of the individual defendants, as well as University City, can potentially be held liable for either active harassment or the failure to take remedial steps to prevent harassment from continuing to occur. Plaintiff has made sufficient allegations of sexual harassment/hostile work environment under Count IV and therefore defendants' motion to dismiss shall be denied as to all defendants.

## IV. Conclusion

Plaintiff's Title VII claim in Count I will survive only as to University City, because it is established that individual supervisors and co-employees cannot be held individually liable because they are not "employers" within the language of the statute. Furthermore, any claim of disparate impact under Title VII is dismissed. Plaintiff's § 1981 claim in Count II will survive only as it pertains to racial discrimination, and not as to sex discrimination and retaliation claims. Plaintiff's first amendment claim in Count III that defendants infringed on her right to associate is dismissed in its entirety for failure to state a cognizable constitutional claim. Finally, plaintiff's MHRA claim in Count IV shall survive defendants' motion to dismiss.

Dated this ___2nd___ day of February, 2010.

_____
UNITED STATES DISTRICT JUDGE