UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| LISA SHIVERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:09CV630 SNLJ |
| | ) | |
| CITY OF UNIVERSITY CITY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's Motion to Compel (#52), filed May 5, 2010. Plaintiff initially sought to compel defendant City of University City to answer plaintiff's first set of interrogatories and respond to plaintiff's first request for production, and defendant has now done so. Plaintiff, however, is not satisfied that defendant has fully complied with the discovery rules.

Plaintiff first asserts that when complying with the request for production, defendant "merely produced a stack of documents" to plaintiff, which she argues is not proper under Rule 34 of the Federal Rules of Civil Procedure. Rule 34 governs requests for production of documents, and provides that a party "must produce documents as they are kept in the usual course of business or must organize and label them to correspond to the categories in the request." Fed. R. Civ. P. 34(b). This provision was added to prevent parties from "deliberately . . . mix[ing] critical documents with others in the hope of obscuring significance." *See* Advisory Committee Note for 1980 Amendment to Rule 34 (quoting Report of the Special Committee for the Study of Discovery Abuse, Section of Litigation of the American Bar Association (1977)). Although it is not clear from the pleadings whether defendant purports to have produced the

documents "as they are kept in the usual course of business," neither does it appear that defendant has made attempts to "mix critical documents with others." If all of the documents are relevant, and this Court assumes that to be the case, then there should not be an issue with the manner in which defendant has produced the documents. All that said, defendant may need to organize and label the production of documents anyway to comply with the interrogatory rules.

Plaintiff asserts that many of the interrogatory responses refer to the business records production option, outlined under Rule 33 of the Federal Rules of Civil Procedure, but that they, too, were improper. Rule 33 provides that if interrogatory answers can be provided through a party's business records, the party may answer by "specifying the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could." Fed. R. Civ. P. 33(d). Defendant states in correspondence to plaintiff's counsel that they have already identified the records to be reviewed, and have given plaintiff a reasonable opportunity to inspect the records. Plaintiff responds that defendant simply "provid[ed] voluminous stacks of documents, undifferentiated as to subject matter and without a meaningful index." If true, defendant must abide by Rule 33 and specify in sufficient detail the record(s) to which each response refers. The purpose of Rule 33(d) is to permit the "interrogating party to locate and identify [the records] as readily as the responding party," and it does not appear that this has occurred. Defendant shall provide a proper index or other mutually agreeable method for ascertaining the responses to the interrogatories.

So ordered this ___8th___ day of June 2010.

_____
UNITED STATES DISTRICT JUDGE

2